Iqbal SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70847.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 \*.

Filed Dec. 12, 2006.

Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner..

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Peachey, Tara M. La Morte, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER and FISHER, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM **

Iqbal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We review for substantial evidence and will uphold the BIA's and IJ's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

■ Substantial evidence supports the BIA's and IJ's denial of asylum based on an adverse credibility finding. Singh was vague when asked questions about Akali Dal Mann, and demonstrated minimal knowledge of the party's goals and objectives, despite claiming to have contributed substantial funds to the party and to have been arrested and beaten three times on account of these donations. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). The IJ's negative assessment of Singh's demeanor was specific and cogent, also supporting the adverse credibility finding. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999).

■ Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Because Singh's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its

courts of this circuit except as provided by 9th Cir. R. 36–3.

CAT determination, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**